UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
FRIDAY AGORI,

                Plaintiff,

-against-

THE CITY OF NEW YORK and
POLICE OFFICERS "JOHN DOES 1-2",
(whose names and shield #s are unknown),

                Defendants.
-------------------------------------------------x

**Index No.**

**COMPLAINT**

**JURY DEMAND**

CV 12 -



Plaintiff, by his attorney, Philip Akakwam, Esq., complaining of the defendants, The City of New York and Police Officers "John Does 1-2", upon information and belief alleges as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment and detention of Plaintiff, Friday Agori, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7. Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of her rights.

## PARTIES

8. Plaintiff, a black male, is a resident of the City of New York, County of Kings and State of New York.

9. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers

2

complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. At all times herein, individual defendants Police Officers "John Does 1-2" were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers were the servants, agents, and employees of their co-defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

11. All conditions precedent to filing of this action have been complied with; on June 4, 2012, within ninety days of the dismissal of all criminal charges against plaintiff, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court. The said Notice of Claim was assigned claim number 2012PI014485.

12. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

13. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. On or about October 21, 2011, at approximately 7:30 p.m., Police Officers "John Does 1-2" of the NYPD, acting in concert and without probable cause, assaulted and arrested plaintiff at his home located at 699 Logan Street, Brooklyn, New York, and charged plaintiff with Assault (PL 120.00), Menacing (PL 120.15) and Harassment (PL 240.26).

15. On the date and time aforesaid, plaintiff had just returned home when he heard loud noise coming from his tenant's apartment on the second floor. Plaintiff rang the tenants' bell to advise them that their music was too loud. The bell was answered by the tenant's daughter who told plaintiff that they were having a party.

16. Plaintiff told her that he had no problem with them having a party but they should not have the music too loud as same was disturbing him.

17. Upon hearing plaintiff's voice, two of the guests who were partying with the tenants inquired as to why plaintiff rang the bell and when they were told that plaintiff was the landlord and wanted the music turned down, they said "fuck the landlord".

18. Then the two guests came down to the first floor with open beer bottles in hand and they violently pushed plaintiff against the door of his apartment causing him to almost stumble.

18. Plaintiff called 911 complaining about the assault. Thereafter, two officers responded to the 911 call.

19. When the officers arrived at plaintiff's house, plaintiff explained to them what had happened. One of the officers went upstairs to the apartment where the tenants were still having their party with the music still very loud.

20. When the officer came down from the apartment, he asked plaintiff for his photo

4

identification. Plaintiff told him that his photo identification was inside his living room. The officer followed plaintiff inside his living room and after plaintiff showed him his photo ID, the officer told plaintiff that he was under arrest.

21. Plaintiff asked the officers why he was being arrested when he was the one who was assaulted in his own house and when he was the one that had called the police but the officers ignored plaintiff's questions and explanations and arrested him.

22. The officers cuffed plaintiff inside his living room and led him outside to the police vehicle in the full view of many of plaintiff's neighbors.

23. Thereafter, plaintiff was transported to the 75th police precinct where he was searched, fingerprinted, photographed and detained in a cell.

24. While plaintiff was still in detention at the precinct, his wife came to the precinct to inquire about the reason for arresting her husband. The police told her that they had been receiving a lot of 911 calls from plaintiff's building and that it was about time somebody get locked up for the many 911 calls coming from that location.

25. Plaintiff was later taken to Central Booking where he was charged to court under PL 120.00, PL 12015 and PL 240.26.

26. Plaintiff was maliciously prosecuted on these charges until all the charges were dismissed on or about May 22, 2012.

27. Plaintiff was falsely arrested, assaulted, and subjected to abuse of the criminal process.

29. Plaintiff suffered physical injuries, including injury to his wrists and shoulder. Moreover, plaintiff suffered emotional distress and mental anguish and psychological trauma as a

consequence of the defendants' unlawful conduct alleged herein.

30. The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

31. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

32. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct

33. The actions of the defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and constitution of the United States; in particular, the rights to be secure in his person and property, to be free from false arrest, and from malicious prosecution, abuse of process, and the right to due process.

34. The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

35. The actions and conduct of the Defendant Officers and the policies and practices of the City of New York were negligent and were the proximate cause of damages to the Plaintiff.

36. The Defendant Officers acted together and in concert sanctioning and ratifying and

6

otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

37. The Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION

38. Plaintiff reiterates paragraphs 1 through 37 and incorporates such by reference herein.

39. The conduct of the defendant officers, as described herein, amounted to false arrest, false imprisonment, use of excessive force, illegal and unreasonable search and seizure, malicious prosecution, fabrication of evidence, violation of right to a fair trial, and violation of due process rights.

40. Such conduct violated plaintiff's right under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. By violating plaintiff's constitutional rights under color of State Law, the Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

41. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION

42. Plaintiff reiterates paragraphs 1 through 41 and incorporates such by reference herein.

43. Defendant Police Officers falsely arrested and imprisoned plaintiff in violation of the Common Law.

44. The false arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

45. Defendant Police Officers acted with malice and reckless and intentional disregard for Plaintiff's rights under common law when they arrested and imprisoned Plaintiff without any justification. Therefore, said Defendant Police Officers are guilty of egregious and gross misconduct towards plaintiff, and plaintiff prays for an award of punitive damages against the individual defendants.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

### AND AS FOR A THIRD CAUSE OF ACTION: ASSAULT AND BATTERY

47. Plaintiff reiterates paragraphs 1 through 46 and incorporates such by reference herein.

48. The conduct of defendant officers, as described herein, amounted to assault and battery on the plaintiff. The assault and battery was willful, unlawful, unwarranted, and intentional.

49. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

50. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

51. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

## AND AS FOR A FOURTH CAUSE OF ACTION

52. Plaintiff reiterates paragraphs 1 through 51 and incorporates such by reference herein.

53. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

54. As a result of the defendants' conduct alleged herein, plaintiff has been caused to suffer humiliation, bodily pain, mental anguish, embarrassment, apprehension and fear for his life, loss of income, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, medical expenses and has been otherwise damaged.

## AND AS FOR A FIFTH CAUSE OF ACTION

55. Plaintiff reiterates paragraphs 1 through 54 and incorporates such by reference herein.

56. By arresting, detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, depriving him of medical treatment, and assaulting him, the Defendant Officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

57. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

58. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly,

and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

59. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A SIXTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

61. Plaintiff reiterates paragraphs 1 through 60 and incorporates such by reference herein.

62. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly, foreseeably and proximately caused by conduct, chargeable to defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

63. Defendant City of New York failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The scope of authority to search provided by a search warrant;

(d) The continuing duty of police investigators to make timely disclosure, during criminal investigations and prosecutions, of all material evidence or information favorable to a person suspected or accused of criminal conduct, including, but not limited to, evidence that a complainant or prosecution witness is unreliable or lacks credibility, and evidence that a prosecution witness has made inconsistent statements about material facts.

(e) The very limited circumstances under which a home may be entered without a warrant;

(f) The very limited circumstances under which a warrantless search may be carried out.

64. Additionally, defendant City of New York, acting through the Office of the District Attorney of the County of New York, had actual and/or de facto policies, practices, customs and usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and the duty and/or obligation of candor towards the court

65. Defendant City of New York maintained unwritten customs and practices which permitted or condoned the unlawful searches of persons, the unlawful searches of homes, the unlawful seizure of persons, subjecting citizens to disparately harsh law enforcement practices on account of their race. These customs and practices are demonstrated by the failure of said defendant to properly investigate numerous complaints from citizens alleging such police

11

misconduct and by their failure to take adequate remedial action where misconduct has occurred.

66. These customs and practices are further demonstrated by defendant's practice of promoting officers who were the subject of judicial finding of unconstitutional conduct, who were the subject of an inordinate number of citizen complaints and lawsuits alleging misconduct, and/or whose conduct evidenced racial discrimination against African-American residents of the city.

67. Defendant City of New York acted intentionally, wilfully and/or with deliberate indifference to the rights of plaintiff. The acts and omissions of said defendant described above were a direct cause of the injuries suffered by plaintiff.

68. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant City of New York, including but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases;

69. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

70. The aforementioned policymaking officials knew that the wrong choice by police

12

officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

71. The aforementioned policymaking officials had the knowledge and the notice alleged in the preceding paragraphs based upon, among other circumstances, numerous civil lawsuits, some of which resulted in substantial civil settlements, credibly alleging that police officers had conducted searches or arrests without probable cause.

72. Said notice is also based upon the inherent obviousness of the need to train, supervise and discipline police officers in their aforementioned constitutional obligations to counteract the pressures on officers and the powerful incentives they have to close cases and to obtain arrests and convictions.

73. During all times material to this Complaint, the Defendant City and its policy making officials owed a duty to the plaintiff and the public at large, which they knowingly and intentionally breached, or to which they were deliberately indifferent, to implement policies, procedures, customs, practices, training and discipline sufficient to prevent or deter conduct of their employees violating the aforementioned constitutional rights of innocent members of the public including plaintiff.

74. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

75. As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

76. And as a result of said inadequate training, police officers often arrest citizens including the plaintiff in retaliation for allegedly making "too many" 911 calls seeking police help.

77. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant City and its police department, the NYPD, were collectively and individually a substantial factor in bringing about the aforesaid violations by the individual police defendants of Plaintiff's rights under the Constitution and laws of the United States.

78. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his constitutional injuries.

## AND AS FOR A SEVENTH CAUSE OF ACTION

### (Negligent Hiring, Training and Supervision Under State Law; Defendant City)

79. Plaintiff reiterates paragraphs 1 through 78 and incorporates such by reference herein.

80. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

81. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, was prevented from attending to his necessary affairs and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
November 20, 2012

LAW OFFICE OF PHILIP AKAKWAM

By: *[signature]* Philip Akakwam
Philip Akakwam, Esq.
Attorneys for the Plaintiff
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488